**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James R. Stewart, Jr., | ) No. CV-06-2888-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| State of Arizona, Department of Administration, | ) |
| Defendant. | ) |

    Pending before the Court is Defendant State of Arizona's Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #7). The Court now rules on the motion.

**I. BACKGROUND**

    Plaintiff James R. Stewart, Jr. ("Stewart"), was employed as a stationary engineer for Defendant State of Arizona ("State"), in the Heating, Ventilating and Air Conditioning ("HVAC") Unit of the Department of Administration. Plaintiff asserts the following causes of action against Defendant: (1) violation of Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101; (2) religious discrimination in violation of Title VII of the Civil Rights Act of 1964; (3) defamation; and (4) retaliation based on Plaintiff's workers' compensation leave.

    Plaintiff has worked for the HVAC Unit since October 1999. Plaintiff alleges that on May 4, 2000, a fellow employee sprayed the rear of his pants with a toxic substance and as a result, Plaintiff has been forced to seek treatment for medical complications arising from the incident. Plaintiff claims that since he has been forced to miss work time for these

1  medical appointments, his supervisor and co-workers have harassed and ostracized him, and
2  management refused his request for transfer.  Plaintiff claims that his supervisor told him he
3  will not be promoted based on his Baptist religion.  Plaintiff alleges that his manager Don
4  Fitzpatrick, who is a member of the Mormon religion, gives preference to fellow Mormons
5  when considering candidates for promotions. Plaintiff also alleges that co-workers used his
6  computer while he was away to send e-mails with pornographic and racist content.  Plaintiff
7  claims that he is treated more strictly than other employees, and that certain managerial
8  policies, such as not allowing communication between co-workers prior to beginning a shift,
9  are enforced only against him and not his co-workers.

10  The State moves this Court to dismiss Plaintiff's ADA, defamation, and retaliation
11  claims, because it alleges Plaintiff's Title I ADA claim is barred by sovereign immunity
12  under the Eleventh Amendment and that Plaintiff's state law claims are barred by statute of
13  limitations.   Defendant withdrew its motion to dismiss Plaintiff's claim of religious
14  discrimination under Title VII.

15  **II. LEGAL ANALYSIS AND CONCLUSION**

16  Standard

17  A motion to dismiss for failure to state a claim is disfavored and rarely granted.
18  *Gillian v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997).  Further, the Court must
19  construe the facts alleged in the complaint in the light most favorable to the Plaintiff and the
20  Court must accept all well-pleaded factual allegations as true.  *See Schwarz v. United States*,
21  234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, Plaintiff must still meet the pleading
22  requirements of Fed. R. Civ. P. 8. Under Fed. R. Civ. P. 8, the complaint must contain "a
23  short and plain statement of the claim showing that the pleader is entitled to relief."  Thus,
24  dismissal can be based on the absence of sufficient facts alleged under a cognizable legal
25  theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

26  ADA Claim

27  The Eleventh Amendment provides that "[t]he Judicial power of the United States
28  shall not be construed to extend to any suit in law or equity, commenced or prosecuted

1 against one of the United States by Citizens of another State, or by Citizens or Subjects of
2 any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment therefore bars federal
3 jurisdiction over suits against a non-consenting state. *See, e.g., Seminole Tribe of Florida*
4 *v. Florida*, 517 U.S. 44, 62-65 (1996) (reaffirming strength of Eleventh Amendment and
5 fundamental importance of each state's sovereign immunity).

6 There are two exceptions to Eleventh Amendment immunity: (1) state conduct
7 waiving immunity and (2) Congressional abrogation of immunity. *Hibbs v. Dep't of Human*
8 *Res.*, 273 F.3d 844, 850 (9th Cir. 2001). As to the first exception, a state may waive its
9 immunity by either voluntarily invoking the jurisdiction of the federal court or by making a
10 "clear declaration" that it intends to submit itself to federal jurisdiction. *College Sav. Bank*
11 *v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999). Defendant
12 here has not waived its immunity and claims that the Eleventh Amendment bars Plaintiff
13 from bringing his ADA claim against the State.

14 Plaintiff has not identified his ADA claim as either Title I, which pertains to
15 employment issues, or Title II, relating to "services, programs, or activities of a public
16 entity." 42 U.S.C. § 12132. According to the Ninth Circuit, Title II of the ADA does not
17 apply to employment claims. *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1173
18 (9th Cir. 1999). While States are not always entitled to immunity under Title II, *see*
19 *Tennessee v. Lane*, 541 U.S. 509 (2004); *Phiffer v. Columbia River Correctional Institute*,
20 384 F.3d 791 (9th Cir. 2004), States are immune from suit for money damages under Title
21 I of the ADA. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360
22 (2001). In *Garrett*, the Supreme Court held that Congress had not validly abrogated the
23 state's Eleventh Amendment immunity under Title I of the ADA. *Id.* at 374.

24 In his Response, Plaintiff argues that sovereign immunity does not apply because he
25 followed regulations regarding the complaint and informed the State of his claim. (Plaintiff's
26 Response at p. 2). Regardless of Plaintiff's adherence to procedure, Plaintiff's Title I ADA
27 claim is barred because States maintain sovereign immunity from money suits under Title
28 I.

<u>State law tort claims</u>

A.R.S. § 12-821.01(A) provides, in relevant part: "Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employees...within one hundred eighty days after the cause of action accrues." A cause of action accrues when a party realizes he has suffered harm and knows or reasonably should have known what caused the alleged harm. A.R.S. § 12-821.01 (B).

Defendant alleges that Plaintiff's state law claims accrued on December 28, 2004, and cites to Plaintiff's EEOC charge. There is no evidentiary support for this proposed date of accrual, however, because the EEOC charge lists October 24, 2004 as the latest date when discrimination occurred. Also, Plaintiff alleges instances of defamation and retaliation occurring as late as December 13, 2005, when he claims that he was the victim of computer fraud in the course of his employment with Defendant.

The discrepancy between the possible accrual dates does not really matter because Plaintiff still failed to serve Defendant with notice of the claim in accordance with A.R.S. § 12-821.01(A). A.R.S. § 12-821.01(A) requires a plaintiff to file his claim with persons authorized to accept service for the State within one hundred and eighty days. Plaintiff did not file his claim with the Defendant within six months of either accrual date. He argues that his EEOC charge and Defendant's failure to enforce its policies regarding the Plaintiff, provided Defendant with sufficient notice. However, the EEOC charge did not include a specific settlement amount or facts to support the settlement amount for the claim, as required by A.R.S. § 12-821.01(A). Also, knowledge of a particular employee's grievance does not provide an employer with the unambiguous notice required by the statute. *See Barth v. Cochise County, Arizona*, 138 P.3d 1186, 1191 (Ariz. App. 2006) (finding that employer's knowledge of plaintiff's complaints of a hostile work environment "does not rise to the level" of notice "required by A.R.S. § 12-821.01 which is unambiguous and very clear."). Even though Plaintiff claims that management knew of his complaints and alleged unfair treatment, A.R.S. § 12-821.01 still requires Plaintiff to file the notice of claim with the

1  appropriate person or persons for the Defendant.  Plaintiff failed to file his notice of claim
2  with Defendant's authorized representative, and never filed a notice of claim with anyone
3  regarding specific events or settlement amounts within the one hundred eighty day time
4  period, as required by statute.  The Court therefore dismisses all the state claims.

   Accordingly,

   IT IS ORDERED GRANTING a partial motion to dismiss the Plaintiff's ADA claim and state law tort claims on Defendant State of Arizona's Motion to Dismiss (Doc. #7).  The Plaintiff's Title VII claim remains.

   DATED this 26th day of June, 2007.

   James A. Teilborg
   United States District Judge